UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

| | |
|---|---|
| SHARONE GRAHAM, | **AMENDED COMPLAINT** |
| Plaintiff, | |
| -against- | 14 CV 2270 (RRM) (VVP) |
| | <u>Jury Trial Demanded</u> |
| CITY OF NEW YORK, NAYRON GARCIA, Individually, KEVIN GEOGHEGAN, Individually, MICHAEL DICECCO, Individually, MARK DIBENEDETTO, Individually, MIREL HOXHA, Individually, ANGEL MELENDEZ, Individually, and JOHN and JANE DOE 1 through 10, Individually (the names John and Jane Doe being fictitious, as the true names are presently unknown), | |
| Defendants. | |

-------------------------------------------------------------------------------X

Plaintiff SHARONE GRAHAM, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

1.  Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff also asserts supplemental state law claims.

## **JURISDICTION**

2.  This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.  Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff SHARONE GRAHAM is a twenty-eight year old African American man residing in Staten Island, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants NAYRON GARCIA, KEVIN GEOGHEGAN, MICHAEL DICECCO, MARK DIBENEDETTO, MIREL HOXHA, ANGEL MELENDEZ, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On January 10, 2013, at approximately 10:40 p.m., plaintiff was parked in front of 4272 Victory Boulevard, Staten Island, New York, when, without limitation, defendant NYPD officers NAYRON GARCIA, KEVIN GEOGHEGAN, MICHAEL DICECCO, MARK DIBENEDETTO, MIREL HOXHA, and ANGEL MELENDEZ, participated in unlawfully stopping and arresting him.

13. During the incident, defendant officers approached plaintiff's car with their guns drawn.

14. Plaintiff was ordered out of his car.

15. Plaintiff complied with the defendant officers' orders and consented to the officers searching his vehicle.

16. Despite the fact that plaintiff was at all times compliant with the officers, and that no contraband was recovered from plaintiff or his vehicle, plaintiff was unlawfully arrested.

17. Plaintiff was transported to a NYPD precinct stationhouse and imprisoned therein.

18. Plaintiff was imprisoned until January 11, 2013, when plaintiff was arraigned in Richmond County Criminal Court on baseless charges filed under docket number 2013RI000310; said charges having been filed based on the false allegations of defendant GARCIA that plaintiff had refused to follow GARCIA's orders and had purportedly resisted arrest.

19. The defendant officers initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: for professional advancement, overtime compensation, and/or other objectives outside the ends of justice.

20. The defendant officers created and manufactured false evidence against plaintiff and defendant GARCIA conveyed said evidence to the Richmond County District Attorney's Office, causing said false evidence to be used against plaintiff in a legal proceeding. Specifically, defendant GARCIA swore to false allegations that plaintiff had purportedly obstructed governmental administration and resisted arrest.

21. As a result of the malicious prosecution, plaintiff was compelled to return to court on two occasions.

22. On April 16, 2013, all of the false and manufactured charges lodged against plaintiff were dismissed and sealed in Richmond County Criminal Court.

23. Defendants GARCIA, GEOGHEGAN, DICECCO, DIBENEDETTO, HOXHA, MELENDEZ, and JOHN and JANE DOE 1 through 10 were present during plaintiff's arrest, and either directly participated in arresting plaintiff, and/or supervised, and/or failed to intervene in his arrest, despite knowing that probable cause was lacking for plaintiff's arrest.

24. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, a practice of falsification, the inadequate screening, hiring, retaining, training, and supervising of its employees.

25. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs

Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, falsely arrest individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice and engage in a practice of falsification to cover up their abuse of authority.

26. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

27. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

28. As a result of the foregoing, plaintiff SHARONE GRAHAM sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

### Federal Claims

**AS AND FOR A FIRST CAUSE OF ACTION**
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

29. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "28" with the same force and effect as if fully set forth herein.

30. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

31. All of the aforementioned acts deprived plaintiff SHARONE GRAHAM, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

34. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

35. As a result of the foregoing, plaintiff SHARONE GRAHAM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

36. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants arrested plaintiff SHARONE GRAHAM without probable cause,

causing him to be detained against his will for an extended period of time and subjected to physical restraints.

38. Defendants caused plaintiff SHARONE GRAHAM to be falsely arrested and unlawfully imprisoned.

39. As a result of the foregoing, plaintiff SHARONE GRAHAM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Malicious Prosecution under 42 U.S.C. § 1983)

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. Defendants initiated, commenced and continued a malicious prosecution against plaintiff SHARONE GRAHAM.

42. Defendants caused plaintiff SHARONE GRAHAM to be prosecuted without any probable cause until the charges were dismissed on or about April 16, 2014.

43. As a result of the foregoing, plaintiff SHARONE GRAHAM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

44. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendants created false evidence against plaintiff SHARONE GRAHAM.

46. Defendants conveyed this false evidence to the Richmond County District Attorney's Office.

47. Defendants utilized this false evidence against plaintiff SHARONE GRAHAM in legal proceedings.

48. As a result of defendants' creation and use of false evidence, plaintiff SHARONE GRAHAM suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

49. As a result of the foregoing, plaintiff SHARONE GRAHAM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Malicious Abuse of Process under 42 U.S.C. § 1983)

50. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Defendants issued criminal process against plaintiff SHARONE GRAHAM by causing his arrest and prosecution in Richmond County Criminal Court.

52. Defendants caused plaintiff SHARONE GRAHAM to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: for professional advancement, overtime compensation, and/or other objectives outside the ends of justice.

53. As a result of the foregoing, plaintiff SHARONE GRAHAM is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

54. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Defendants had an affirmative duty to intervene on behalf of plaintiff SHARONE GRAHAM, whose constitutional rights were being violated in their presence by other officers.

56. The defendants failed to intervene to prevent the unlawful conduct described herein.

57. As a result of the foregoing, plaintiff SHARONE GRAHAM'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

58. As a result of the foregoing, plaintiff SHARONE GRAHAM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

59. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly

supervise and train their subordinate employees.

61. As a result of the foregoing, plaintiff SHARONE GRAHAM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

62. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

64. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, arresting citizens without probable cause, committing perjury and/or manufacturing evidence in an effort to convict individuals, and otherwise in a practice of falsification. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff SHARONE GRAHAM'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

65. The foregoing customs, policies, usages, practices, procedures and rules of the

CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff SHARONE GRAHAM.

66. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff SHARONE GRAHAM as alleged herein.

67. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff SHARONE GRAHAM as alleged herein.

68. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff SHARONE GRAHAM was unlawfully arrested and maliciously prosecuted.

69. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff SHARONE GRAHAM'S constitutional rights.

70. All of the foregoing acts by defendants deprived plaintiff SHARONE GRAHAM of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from false arrest/unlawful imprisonment;

    C.    To be free from the failure to intervene;

    D.    To be free from malicious prosecution;

   E.  To be free from deprivation of his right to fair trial; and

   F.  To be free from malicious abuse of process.

  71. As a result of the foregoing, plaintiff SHARONE GRAHAM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**<u>Supplemental State Law Claims</u>**

  72. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

  73. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

  74. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

  75. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

  76. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR A NINTH CAUSE OF ACTION**
(<u>False Arrest under the laws of the State of New York</u>)

  77. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78. Defendants arrested plaintiff SHARONE GRAHAM without probable cause.

79. Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

80. As a result of the aforementioned conduct, plaintiff SHARONE GRAHAM was unlawfully imprisoned in violation of the laws of the State of New York.

81. As a result of the aforementioned conduct, plaintiff SHARONE GRAHAM suffered physical discomfort and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

82. As a result of the foregoing, plaintiff SHARONE GRAHAM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

83. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84. As a result of the foregoing, plaintiff SHARONE GRAHAM was placed in apprehension of imminent harmful and offensive bodily contact.

85. As a result of defendant's conduct, plaintiff SHARONE GRAHAM has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

86. As a result of the foregoing, plaintiff SHARONE GRAHAM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

87. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. Defendants made offensive contact with plaintiff SHARONE GRAHAM without privilege or consent.

89. As a result of defendants' conduct, plaintiff SHARONE GRAHAM has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

90. As a result of the foregoing, plaintiff SHARONE GRAHAM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

91. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92. Defendants initiated, commenced and continued a malicious prosecution against plaintiff SHARONE GRAHAM.

93. Defendants caused plaintiff SHARONE GRAHAM to be prosecuted without probable cause until the charges were dismissed on or about April 16, 2013.

94. As a result of the foregoing, plaintiff SHARONE GRAHAM is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(<u>Malicious Abuse of Process under laws of the State of New York</u>)

95. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96. Defendants issued criminal process against plaintiff SHARONE GRAHAM by causing him to be arrested, arraigned and prosecuted in criminal court.

97. Defendants caused plaintiff SHARONE GRAHAM to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: for professional advancement, overtime compensation, and/or other objectives outside the ends of justice.

98. As a result of the foregoing, plaintiff SHARONE GRAHAM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(<u>Intentional Infliction of Emotional Distress under the laws of the State of New York</u>)

99. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "98" with the same force and effect as if fully set forth herein.

100. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

101. The aforementioned conduct was committed by defendants while acting within

the scope of their employment by defendant CITY OF NEW YORK.

102. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

103. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff SHARONE GRAHAM.

104. As a result of the aforementioned conduct, plaintiff SHARONE GRAHAM suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

105. As a result of the foregoing, plaintiff SHARONE GRAHAM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(<u>Negligent Screening, Hiring, and Retention under the laws of the State of New York</u>)

106. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "105" with the same force and effect as if fully set forth herein.

107. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest, and prosecution of plaintiff SHARONE GRAHAM.

108. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

109. As a result of the foregoing, plaintiff SHARONE GRAHAM is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

110. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "109" with the same force and effect as if fully set forth herein.

111. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest and prosecution of plaintiff SHARONE GRAHAM.

112. As a result of the foregoing, plaintiff SHARONE GRAHAM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

113. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "112" with the same force and effect as if fully set forth herein.

114. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

115. As a result of the foregoing, plaintiff SHARONE GRAHAM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

116. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "115" with the same force and effect as if fully set forth herein.

117. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

118. As a result of the foregoing, plaintiff SHARONE GRAHAM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINETEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

119. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "118" with the same force and effect as if fully set forth herein.

120. As a result of defendants' conduct, plaintiff SHARONE GRAHAM was deprived of his right to security against unreasonable searches, seizures, and interceptions.

121. As a result of the foregoing, plaintiff SHARONE GRAHAM is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff SHARONE GRAHAM demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       January 9, 2015

> LEVENTHAL & KLEIN, LLP
> Attorneys for Plaintiff SHARONE GRAHAM
> 45 Main Street, Suite 230
> Brooklyn, New York 11201
> (718) 722-4100
>
> By:     __/s/ Brett H. Klein_____
>         BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

SHARONE GRAHAM,

                                    Plaintiff,

                                                      14 CV 2270
      -against-                                         (RRM) (VVP)

CITY OF NEW YORK, NAYRON GARCIA, Individually,
KEVIN GEOGHEGAN, Individually, MICHAEL DICECCO,
Individually, MARK DIBENEDETTO, Individually,
MIREL HOXHA, Individually, ANGEL MELENDEZ,
Individually, and JOHN and JANE DOE 1 through 10,
Individually (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                    Defendants.

---------------------------------------------------------------------------------X

## AMENDED COMPLAINT

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100